## SIMEON STILES, *versus* FREEZE DEARBORN.

No action lies against a prison keeper for the escape of a prisoner, in execution, through the insufficiency of the gaol.

The county is, in such a case, liable, and the suit is given, by the statute, against the sheriff, *eo nomine*, who is merely the representative of the county in the suit.

CASE. The plaintiff alleged, in his declaration, that, at the January term of the common pleas in this county, 1829, he recovered judgment against B. R. Rolin, for the sum of $235, damages, and $27,69 costs of suit ; that he sued out execution on his said judgment, and delivered the same to a deputy sheriff, who, by virtue thereof, arrested the said Rolin, and on the 28th January, 1829, committed him to prison, in Exeter, and to the custody of the defendant, then keeper of the prison, under Clement Storer, Sheriff of said county ; and that the said Rolin remained in custody of the defendant, until the 15th June, 1830, when, through the insufficiency of the gaol, he escaped, and went at large, whereby the plaintiff lost his debt.

The cause was tried upon the general issue, at August term, 1831, when all the material allegations in the declaration were fully proved, and a verdict taken, by consent, for the plaintiff, subject to the opinion of the court, upon the question, whether a prison keeper is liable for an escape effected through the insufficiency of the prison?

*E. Cutts*, for the plaintiff.

*Sullivan*, for the defendant.

*By the court.* The question to be decided is, whether this defendant is liable for the escape mentioned in the declaration, and must be determined by a recurrence to the statutes relative to prisons and sheriffs.

The prison keeper is made liable, by statute, for all escapes which he voluntarily permits, and for all which happen through his negligence.

Stiles,
v.
Dearborn.

But it is the duty of the court of common pleas to ᴜ. inspect, and keep in repair, prisons; and when an escape happens, through the insufficiency of the gaol, an action is given against the sheriff. But the action is brought, not for the default or neglect of the sheriff, but of the county, and he is entitled to recover of the county, not only what he may be compelled to pay, but for his costs and trouble.

It is therefore clear, that the prison keeper is not responsible for the sufficiency of the gaol.

And we are of opinion that it is not necessary that the action should be brought against the sheriff, by his own name, during whose time the escape happened, but that it lies against the sheriff, *eo nomine*, he being merely the representative of the county in the suit.

*The verdict must be set aside and a nonsuit entered.*